# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JESUS H.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No. ED CV 19-01679-DFM<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Jesus H. ("Plaintiff") applied for Supplemental Security Income and Disability Insurance Benefits on April 29, 2015, alleging disability beginning December 31, 2013. See Dkt. 17, Administrative Record ("AR") 187-96, 230.[1] After being denied initially and on reconsideration, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on March 30, 2018. See AR 35-55

The ALJ issued an unfavorable decision on July 2, 2018. See AR 10-24. The ALJ followed the five-step sequential evaluation process for determining

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. See AR 15-16. At step two, the ALJ determined that Plaintiff had the severe impairments of "disorders of the neck, back, shoulders, and hips." AR 16. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 19.

Before reaching step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with some additional limitations. See AR 19-23. At step four, the ALJ found that Plaintiff could perform his past relevant work as a security guard (DOT 372.667-034) and laboratory assistant (DOT 078.687-010). See AR 23. Accordingly, the ALJ denied benefits. See AR 23-24.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. LEGAL STANDARD

A district court will set aside a denial of Social Security benefits only when the ALJ decision is "based on legal error or not supported by substantial evidence in the record." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

### III. DISCUSSION

The parties dispute whether the ALJ's step-two finding that Plaintiff's mental impairments were non-severe was supported by substantial evidence and free of legal error. See Dkt. 18, Joint Stipulation ("JS") at 4.

At step two, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that lasted or was expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 416.920(a)(ii), 416.909; see also Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011). Severe impairments have more than a minimal effect on an individual's ability to perform basic work activities. See Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005). This inquiry is "a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). A "finding of no disability at step two" may be affirmed where there is a "total absence of objective evidence of severe medical impairment." Webb, 433 F.3d at 688.

Here, the ALJ found that Plaintiff had the medically determinable impairments of anxiety and depression with insomnia but concluded that these impairments were not severe. See AR 17. In making this finding, the ALJ considered the four broad functional areas for evaluating mental disorders, known as the "paragraph B" criteria. See AR 18. The ALJ determined that Plaintiff had "no limitation" in each of the four categories: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. Id.

In reaching these conclusions, the ALJ gave "significant weight" to the opinion of the non-examining state agency psychologist, Dr. Preston Davis. See id. The ALJ found that Dr. Davis's opinion was "reasonable and

consistent with the record as a whole including the treatment records showing rather conservative treatment for the claimant's mental impairments," as well as "consistent with the claimant's activities of daily living, including spending time with his gravely ill mother and his stepfather, and completing household chores including shopping." AR 18.

In contrast, the ALJ gave "less weight" to the opinion of an examining workers' compensation psychologist, Dr. Norman Reichwald. See id. The ALJ found that Dr. Reichwald's opinion, which noted "slight to moderate impairments in mental functioning," was "not consistent with the record as a whole, including a minimal and conservative treatment of the claimant's mental impairments noted in the medical records of evidence." Id. The ALJ also noted that the evaluation was completed for the purposes of Plaintiff's workers' compensation claim, "in which the definition of disability is not the same as the Social Security disability case." Id.

The ALJ concluded that because "claimant's medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas, they are nonsevere." Id. (citing 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.")).

Plaintiff contends that the ALJ erred in discounting Dr. Reichwald's opinion. See JS at 6-10. As noted above, Dr. Reichwald opined that Plaintiff had "slight to moderate" impairments in mental functioning, AR 778, which translates to "noticeable to marked" impairments. Cal. Code Regs., tit. 8, § 43. Because Dr. Reichwald's opinion was contradicted, the ALJ could reject it with "specific and legitimate reasons that are supported by substantial evidence

4

in the record." Carmickle v. Comm'r of SSA, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

The ALJ primarily discredited Dr. Reichwald's opinion because it was inconsistent with the "minimal and conservative treatment of the claimant's mental impairments noted in the medical records of evidence." AR 18. "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole." Batson v. Comm'r of SSA, 359 F.3d 1190, 1195 (9th Cir. 2004).

Plaintiff argues that the medical record indicates that he receives counseling and takes psychiatric medication, a level of treatment consistent with Dr. Reichwald's opinion and the presence of a severe mental impairment. See JS at 8. In support, Plaintiff cites Delores A. v. Berryhill, No. 17-254, 2019 WL 1330314 (C.D. Cal. Mar. 25, 2019), in which the court found that the ALJ erred in discounting claimant's treating physician's opinion as "inconsistent with the conservative treatment," where the record showed that claimant attended monthly psychiatric sessions and was treated with several psychotropic medications. Id. at *6.

Here, by contrast, the medical record shows minimal and inconsistent treatment for Plaintiff's mental impairments. Indeed, other than Dr. Reichwald's February 2015 evaluation in connection with Plaintiff's workers' compensation claim, the record consists of a few pages of treatment notes from San Bernardino County Department of Behavior Health dated December 2017 and January 2018. See AR 552-67. In his December 2017 visit, Plaintiff stated that, among other things, he had racing thoughts, anger, mood swings, anxiety, and was experiencing panic attacks, but nevertheless declined case management and therapy. See AR 563. It does not appear that Plaintiff returned for any follow-up visits. And although Plaintiff testified at the hearing that he received counseling and therapy for his mental impairments, the

medical record does not corroborate that testimony. See Malloy v. Colvin, 664 F. App'x 638, 641 (9th Cir. 2016) (upholding ALJ finding that mental impairment was not severe where "record showed minimal and inconsistent treatment for any psychological symptoms Malloy may have experienced") (internal quotation marks omitted); Lasich v. Astrue, 252 F. App'x 823, 825 (9th Cir. 2007) (same, where claimant "provided little evidence of significant psychiatric or psychological findings demonstrating severe mental impairment and had not been regularly treated by a licensed psychologist or psychiatrist or received regular mental health counseling or therapy").

The ALJ's finding of minimal and conservative treatment is also supported by the medical records summarized by Dr. Davis. On January 8, 2016, Dr. Davis reviewed Plaintiff's medical records and concluded that his mental impairments were non-severe. See AR 82-83. Dr. Davis correctly noted that Plaintiff did not allege any psychological symptoms or limitations in the disability report form. See AR 82. On that form, Plaintiff listed "Problems with back, shoulders and neck" in response to the question asking him to "List all of the physical and mental conditions (including emotional or learning problems) that limit your ability to work." AR 230. Nor did Plaintiff describe any psychological limitations in the July 2015 exertion questionnaire or at the hearing. See AR 47-49, 236-38. As Plaintiff concedes, reports of a nonexamining physician, such as Dr. Davis, "may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); see also Wennet v. Saul, 777 F. App'x 875, 878 (9th Cir. 2019) ("[The treating physician's] opinion was inconsistent with [the nontreating, nonexamining] opinion, which constitutes substantial evidence because it was supported by other evidence in the record."). Dr. Davis's opinion was supported by other evidence in the record and consistent with it.

Accordingly, substantial evidence supports the ALJ's finding that Plaintiff did not have a severe mental impairment.

## IV. CONCLUSION

The decision is the Social Security Commission is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: June 16, 2020

DOUGLAS F. McCORMICK
United States Magistrate Judge